IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VERCIE L. LARK,

      Plaintiff,

  v.                                         Civil Action 2:20-cv-5333
                                             Magistrate Judge Kimberly A. Jolson

ANNETTE CHAMBERS-SMITH, et al.,

      Defendants.

**OPINION AND ORDER**

This matter, in which the parties have consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c) (Doc. 12), is before the Court on Defendants' Motion to Dismiss (Doc. 24). For the reasons that follow, Defendants' Motion is **GRANTED**, and the Court **DISMISSES** this action for failure to prosecute.

I.      BACKGROUND

This matter arises from Plaintiff's prior incarceration at the Southeastern Correctional Institution in Lancaster, Ohio. (*See generally* Doc. 1). The Plaintiff alleges the following facts in his Complaint: In February 2019, Plaintiff sent a medical request form to the prison's institutional health services, requesting care for severe pain on the right side of his mouth. (*Id*. at 4). Plaintiff was seen by a nurse that evening, who then added him to a list to receive follow-up attention from a doctor. (*Id.*). After two weeks, Plaintiff saw Doctor Friesen, who opined that the cause of Plaintiff's pain was lichen planus, a preexisting medical condition, and provided no further medical treatment. (*Id.*). For several months, Plaintiff continued to send medical request forms

complaining of the same pain, and though he saw a nurse and Doctor Friesen on each occasion, he received no further treatment or tests. (*Id.*).

In July 2019, when a growth inside Plaintiff's mouth had grown so large that it began to protrude from his mouth, Doctor Friesen scheduled Plaintiff to see the prison's dentist. (*Id.*). The dentist, "in disbelief concerning Plaintiff's medical needs," asked Doctor Friesen to schedule a biopsy of the growth. (*Id.*). The biopsy was performed that same month and resulted in Plaintiff being diagnosed with stage-four mouth cancer. (*Id.*). In October 2019, Plaintiff was transported to the Franklin Medical Center in Columbus, Ohio, where he received radiation treatment and had surgery to remove the growth, which caused permanent disfigurement to his face. (*Id.* at 4–5).

Plaintiff, who is proceeding *pro se*, filed the instant action on October 14, 2020, against Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), Annette Chambers-Smith; Warden Brian Cook; and on-duty physician Dr. Friesen. (*Id.*). Plaintiff alleges that Defendants' failure to provide timely and appropriate medical care constituted a violation of the Eighth and Fourteenth Amendments. (*See generally id.*). Defendants filed their Answer on December 16, 2020 (Doc. 5), and the parties proceeded with discovery throughout the first several months of 2021. Indeed, the Court required Defendants to respond with haste when Plaintiff complained that he wasn't receiving discovery in April of 2021. (Doc. 18).

Then, on May 21, 2021, Plaintiff was released from ODRC. Since that time, Plaintiff has failed to notify Defendants or the Court of his current address or other contact information. Given this development, Defendants filed a Motion to Dismiss for Lack of Prosecution. (Doc. 24 at 3). As noted in this Court's handbook for *pro se* litigants, failure to keep the Court updated regarding changes in address or phone number may result in the dismissal of the case for lack of prosecution. (Doc. 25) So, on July 16, 2021, the Court ordered Plaintiff to show cause as to his failure to meet

this obligation and warned him that a failure to comply would result in an order dismissing his case for want of prosecution. (*Id.*). That deadline has now passed, and Plaintiff has not responded to the show cause order or otherwise responded to Defendants' Motion to Dismiss. Accordingly, the Court will deem the Motion unopposed and ripe for review.

## II. STANDARD

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

**III. DISCUSSION**

In their Motion, Defendants move for dismissal under Rule 41 of the Federal Rules of Civil Procedure. (Doc. 24 at 2). At base, they argue that Plaintiff's refusal to provide the Court or Defendants with his updated contact information makes continuing this litigation untenable. The Court agrees.

On balance, the factors set forth in *Schafer* support dismissal. First, despite having over three months since his release from ODRC to update the Court or Defendants with his new address or phone number, Plaintiff has failed to do. (*See* Docs. 24, 25). The absence of any communication from Plaintiff in the last months indicates Plaintiff has "a reckless disregard for the effect of his conduct on [the Court's] proceedings[,]" and has acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Second, a defendant is prejudiced whenever she has "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.* at 737 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Here, Defendants have had several months wasted while discovery was stalled, and this case has been unable to progress because of Plaintiff's failure to meet his obligation to provide his updated contact information. In fact, both the discovery and dispositive motion deadlines have now passed. (*See* Doc. 6).

Finally, the third and fourth factors also weigh in favor of granting the Motion. The Court attempted to warn Plaintiff that failure to comply with the show cause order would result in an order that this case be dismissed. (*See* Doc. 25). The Court appreciates that Plaintiff most likely did not receive the Order, but that is due to Plaintiff's failure to update his address. Yet, if Plaintiff reviewed the docket, he would see the clear warning that he risked dismissal. (*See id.*). "Additionally, the Court has considered less drastic sanctions than dismissal but concludes that

4

any such effort would be futile given Plaintiff's continued failure to participate in these proceedings. *Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In sum, Plaintiff has acted willfully and in bad faith despite warning of sanction, and Defendants have suffered clear prejudice because of his conduct. Because lesser sanctions would be futile—because the Court has no way to contact Plaintiff—dismissal of Plaintiff's action is appropriate here. *See Lee v. Glaxosmithkline*, LLC, No. 2:12–cv–02393, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (dismissing for failure to prosecute because plaintiff had "failed to comply with several orders of the Court including . . . to respond to an Order to Show Cause").

### IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED**, and the Court **DISMISSES** this action for failure to prosecute.

IT IS SO ORDERED.

Date: August 23, 2021                                /s/ Kimberly A. Jolson
                                                                  KIMBERLY A. JOLSON
                                                                  UNITED STATES MAGISTRATE JUDGE